RECEIVED
2005 SEP 16  P 2: 33
[stamp: U.S. DISTRICT COURT MIDDLE DISTRICT ALA]

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Amanda Turner Nobles, <br> Plaintiff, <br><br> v. <br><br> Zenta, and, Protocol Recovery Services, Inc. <br> Defendants. | Civil Action No. 2:05CV886-B <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br> (Fair Debt Collection Practices Act, Associated State Claims.) |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices and state of Alabama common law claims for negligence and invasion of privacy (hereinafter "state claims").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C.§ 1681, and 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Amanda Turner Nobles is a natural person residing in Elmore County, Alabama.

4. Defendant Protocol Recovery Services, Inc. ("Protocol") is Florida corporation engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. Defendant Zenta is a Pennsylvania corporation engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

**PROTOCOL**

6. On or about November 1, 2004, Defendant Protocol contacted Plaintiff by telephone at Plaintiff place of employment and threatened Plaintiff regarding a debt owed. Protocol's employee Teresa Thomlinson contacted Plaintiff again at her place of employment on November 4, 2004. Previous to this date Plaintiff advised Defendant Protocol that she did not wish to be contacted at her place of employment.

**ZENTA**

7. On or about April 4, 2005, Defendant Zenta contacted Plaintiff by telephone and threatened Plaintiff regarding a debt owed. Zenta's employee Ted (last name unknown) contacted Plaintiff at her place of employment. Previous to this date Plaintiff advised Zenta that she did not wish to be contacted at her place of employment. Between the dates of April 4, 2005 and May 31, 2005, representatives of Zenta again contacted Plaintiff at her place of employment. Representative persons from Zenta contacting Plaintiff at her place of employment included Rick, Charles and Xavier (last names unknown).

8. On April 27, 2005 Plaintiff's ex-husband was contacted by a representative of Zenta. During this telephone conversation the representative of Zenta gave personal information regarding Plaintiff's alleged debt to the ex-husband. Again, on May 5, 2005, a representative of Zenta named Rick Kennedy contacted the ex-husband again. During this conversation Rick Kennedy again shared

personal information with the ex-husband. At no time did Plaintiff give Defendant permission to contact third parties regarding the alleged debt.

9. Agents or employees of Defendant Zenta have contacted Plaintiff by telephone on numerous prior occasions making threatening statements to Plaintiff.

10. Plaintiff has made requests to Defendant Zenta for validation of the alleged debt. Defendant Zenta has either neglected or refused to respond.

## **GENERALLY**

11. Due to Defendants' harassing tactics Plaintiff was forced to retain the services of an attorney to represent her in the matter.

12. The facts considered, Plaintiff assumes that Defendants will continue to pursue the alleged debt. Further, Plaintiff assumes Defendants will continue to violate the Fair Debt Collection Practices Act.

13. As a result of the acts alleged above, Plaintiff suffered headaches, embarrassment, and, was forced to hire the services of an attorney.

**COUNT I - VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

14. Plaintiff repeats and realleges and incorporates by reference paragraphs one through eleven above.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a). Attempting to collect a debt not legally owed;

b). Taking illegal actions against the consumer;

c). Continuing to contact Plaintiff's employer regarding the debt;

d). Contacting third parties without permission in an attempt to collect a debt;

e). Failure to provide debtor instructions on validation process;

f). Failure to provide validation of the debt;

17. As a result of the foregoing violation of the FDCPA, defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

Declaratory judgment that Defendants' conduct violated the FDCPA

Actual damages;

Statutory damages pursuant to 15 U.S.C. § 1692k;

Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

For such other and further relief as the Court may deem just and proper.

## COUNT II - NEGLIGENCE

18. Plaintiff repeats and realleges and incorporates by reference paragraphs above.

19. Defendants' acts as described above were done negligently and without care or concern for the truth or accuracy of the matter asserted and with disregard to Plaintiff's privacy. Defendants' acts were for the purpose of illegally coercing Plaintiff to pay the alleged debt.

20. As a proximate consequence of Defendants' breach, Plaintiff has been embarrassed and humiliated and emotionally distressed.

21. As a proximate consequence of Defendants' breach, Plaintiff has been forced to hire an attorney,

and incurred expenses for loss of work.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

Punitive damages;

Compensatory damages; and,

For such other and further relief as the Court may deem just and proper.

## COUNT III - INVASION OF PRIVACY

### (Zenta)

22. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-one above.

23. Defendants' acts as described above were done negligently and without care or concern for the privacy with the purpose of unlawfully coercing Plaintiff to pay the alleged debt.

24. Defendant wrongfully exploited the Plaintiff's privacy in that on at least two occasion Defendant communicated with third parties regarding the Plaintiff's debt. Such communication conveyed private information about Plaintiff. These communications were performed by the Defendant without legitimate cause or purpose, and thereby invaded the Plaintiff's privacy.

25. Plaintiff as the proximate consequence of the said invasion of privacy was caused to suffer injuries and damages, in that, the Plaintiff was shamed, humiliated, and embarrassed.

26. Plaintiff claims punitive damages of the Defendant because of the gross and oppressive nature of the Defendant's conduct.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant

for the following:

Compensatory damages;

Punitive damages; and,

For such other and further relief as the Court may deem just and proper.

RESPECTFULLY submitted this the 13th day of September, 2005.

K. ANDERSON NELMS (NEL022)
JAY LEWIS (LEW031)
Attorneys for Plaintiff

THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by Jury in this action.

**Defendants may be served at the following addresses:**

Zenta

435 Devon Park Drive

Building 300

Wayne, PA 19087

Protocol Recovery Services, Inc.

509 Mercer Avenue

Panama City, Florida 32401