IN THE UNITED STATES DISTRICT COURT OF ALABAMA
MIDDLE DISTRICT COURT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMANDA TURNER NOBLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:05-CV-886 |
| | ) |
| ZENTA AND PROTOCOL RECOVERY | ) |
| SERVICES, INC. | ) |
| | ) |
| Defendants. | ) |

## ANSWER

COMES NOW the defendant, designated as Protocol Recovery Services, Inc., and answers the complaint in this matter as follows:

### I.  INTRODUCTION

1.     The defendant denies the breach of any provision of the FDCPA, and further denies any violation of Alabama state law.

### II.     JURISDICTION AND VENUE

2.     The defendant admits that this court has jurisdiction over FDCPA claims but has insufficient information at this time to admit or deny that jurisdiction and venue may ultimately be proper.

### III.  PARTIES

3. The defendant has insufficient information to admit or deny this averment.

4. The defendant admits that it is a Florida corporation engaged in the business of collecting debts.

5. The defendant has insufficient information to admit or deny this averment.

### IV – FACUAL ALLEGATIONS

### PROTOCOL

6. Denied.

### ZENTA

7. This averment does not state a claim or cause of action against the defendant.  To the extent a claim is asserted, the defendant denies the material averments and demands strict proof thereof.

8. This averment does not state a claim or cause of action against the defendant.  To the extent a claim is asserted, the defendant denies the material averments and demands strict proof thereof.

9. This averment does not state a claim or cause of action against the defendant.  To the extent a claim is asserted, the defendant denies the material averments and demands strict proof thereof.

10. This averment does not state a claim or cause of action against the defendant.  To the extent a claim is asserted, the defendant denies the material averments and demands strict proof thereof.

### GENERALLY

11. Denied.

12. The defendant denies any violation of the Fair Debt Collection Practices Act in r regards to this account.

13. Denied.

**COUNT I – VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**

14. The defendant reincorporates its previous answers as if fully set out herein.

15. Denied.

    a. Denied.

    b. Denied.

    c. The defendant denies any improper contact as alleged in this averment.

    d. The defendant denies any improper contact as alleged in this averment.

    e. The defendant denies any violation of the FDCPA as stated in this averment.

    f. The defendant denies any violation of the FDCPA as stated in this averment.

16. Denied.

    As to the unnumbered paragraph following paragraph 16 of the complaint, the defendant denies that the plaintiff is entitled to actual damages, statutory damages, costs, fees, or any other relief whatsoever.

**NEGLIGENCE**

18. Defendant's copy of the complaint is barely legible and there does not appear to be any Paragraph 17; however, if the defendant is mistaken, the allegations of paragraph 17, if any, are denied. In response to the allegations of paragraph 18, the defendant

adopts its previous admissions, denials and affirmative defenses set forth herein as if fully stated herein

19. Denied.

20. Denied.

20. Denied.

As to the unnumbered paragraph following paragraph 21 in the complaint, the defendant denies the plaintiff is entitled to punitive damages, compensatory damages, or any other award, judgment, or recovery whatsoever.

## **COUNT III – INVASION OF PRIVACY**

22. In response to the allegations of paragraph 22, the defendant adopts its previous admissions, denials and all affirmative defenses set forth herein as if fully stated herein

23. This averment does not state a claim or cause of action against the defendant. To the extent a claim is asserted, the defendant denies the material averments and demands strict proof thereof.

24. This averment does not state a claim or cause of action against the defendant. To the extent a claim is asserted, the defendant denies the material averments and demands strict proof thereof.

25. This averment does not state a claim or cause of action against the defendant. To the extent a claim is asserted, the defendant denies the material averments and demands strict proof thereof.

26. This averment does not state a claim or cause of action against the defendant. To the extent a claim is asserted, the defendant denies the material averments and demands strict proof thereof.

As to the unnumbered paragraph following paragraph 26 in the complaint, this request for damages is made only against Zenta and, accordingly, no response is due from this defendant.

## **AFFIRMATIVE DEFENSES**

27. The defendant pleads not guilty.

28. The defendant pleads the general issue.

29. The defendant denies each and every material allegation of the complaint not expressly admitted and demands strict proof thereof.

30. The defendant pleads that the complaint fails to state a claim or cause of action upon which relief can be granted.

31. The defendant pleads the applicable statute of limitations.

32. The defendant pleads release.

33. The defendant pleads waiver.

34. The defendant pleads that the plaintiff's right to recover, if any, is limited to the relief allowed under the Fair Debt Collection Practices Act. The defendant specifically denies any violation of that act.

35. The defendant pleads that the state law claims are preempted by the Fair Debt Collection Practices Act and that all claims attempted to be alleged in this complaint are governed by the Fair Debt Collection Practices Act.

36. The defendant avers that the plaintiff was contributory negligent.

37. The defendant avers that the plaintiff failed to mitigate damages in accordance with Alabama law.

38. The defendant avers that the plaintiff is guilty of assumption of the risk.

39. In the alternative, the defendant pleads the affirmative defense of bona fide error and states that if any violation of the FDCPA did occur, that violation was not intentional and resulted from a bona fide error notwithstanding the maintenance and procedures reasonably adapted to avoid any such error.

40. The defendant pleads the affirmative defense of lack of proximate cause.

41. The defendant pleads that the plaintiff has not alleged or sustained any actual damages which were caused by the defendant or for which the defendant is liable.

42. The defendant pleads that it reasonably relied on information provided to it by third parties and had no notice nor any reason to know the information was not accurate.

43. The defendant denies any contact with the debtor or any third parties or persons in violation of the Fair Debt Collection Practices Act.

44. The defendant denies any notice that the employer of the plaintiff prohibits collection calls, to the extent the plaintiff's employer does prohibit such contact.

45. The defendant denies a policy at the plaintiff's place of employment that prohibits contact as alleged in the complaint.

46. The defendant avers that the plaintiff has incorrectly attributed to this defendant collection efforts, including phone calls, that were in fact undertaken by other entities that may or may not be parties to this action.

47. The defendant denies any act or omission entitling the plaintiff to recover under the FDCPA or any Alabama statue or state law.

48. As the investigation into this matter is ongoing, the defendant pleads the following affirmative defenses to avoid waiver: venue, lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of process, insufficiency of service of process, and failure to join indispensable parties.

49. The defendant pleads it did not commit an act, error, or omission constituting an actionable violation of the FDCPA.

50. The defendant pleads pro tanto release, and serves notice of its right to a set off or otherwise to publish the pro tanto release to the jury.

51. The plaintiff should not recover punitive damages of this defendant for that Punitive damages violates the Constitution of the United States and the Constitution of the State of Alabama.

46. The plaintiff should not recover punitive damages of this defendant for that the award of punitive damages violates due process afforded by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

47. The plaintiff should not recover punitive damages of this defendant for

      that the assessment of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama.

48. The plaintiff should not recover punitive damages of this defendant for that an assessment of punitive damages in excess of the amount that would be assessed under the criminal statutes of the Alabama Criminal Code violates the Eighth Amendment to the United States Constitution and Article I, Section 15, of the Constitution of the State of Alabama.

49. The plaintiff should not recover punitive damages of this defendant in any action based on contract, since an assessment of punitive damages in a contract action violates the contracts clause of the United States Constitution, Article I, Section 10.

50. The plaintiff should not recover of this defendant for punitive damages, since the Complaint alleges intentional wrongful conduct or conduct involving malice based upon acts of an agent or employee of said defendant.

51. A Punitive damage award of the amount requested is impermissible under the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

52. A lack of sufficient standards governing punitive damages awards in Alabama violates the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

53. Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

   c. Procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   e. The procedures pursuant to which punitive damages are awarded

result in the imposition of different penalties for the same or similar acts, and, thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States constitution; and

g. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

54. Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, based on the following grounds:

a. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

b. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

c. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

   d. The award of punitive damages in this case constituted a deprivation of property without due process of law.

55. Plaintiff's attempt to impose punitive damages or extra contractual damages on this defendant, on the basis of vicarious liability for the conduct of others, violates the fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

56. The award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States constitution.

57. The procedures pursuant to which punitive damages are awarded permit the imposition of an excess fine in violation of Article I, Section 15, of the Constitution of Alabama.

58. This defendant specially pleads the limitations set forth in Section 6-11-21 of the Alabama Code.

59. This defendant pleads the $250,000 cap and avers that the abolishment of the cap by the Alabama Supreme Court was unconstitutional and without effect.

60. This defendant avers that the Alabama Supreme Court cannot abolish the $250,000 cap for punitive damages established by the legislature and the attempt to abolish the cap violates the Constitutions of the United States and the State of Alabama.

61. The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Alabama from imposing a grossly excessive punishment by way of punitive damages on this defendant.

62. This defendant avers all the defenses set out by the United States Supreme Court in <u>BMW of North American v. Gore</u>, 517 U.S. 559 (1996).

63. As discovery is ongoing, the defendant reserves the right to assert additional affirmative defenses as appropriate.

                                        Respectfully Submitted,

                                        /s/ Neal D. Moore, III
                                        Neal D. Moore, III              MOO073
                                        Attorney for Protocol Recovery Services, Inc.

OF COUNSEL:

**FERGUSON, FROST & DODSON, LLP**
Post Office Box 430189
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 – fax

### CERTIFICATE OF SERVICE

      This is to certify that on this the 16th day of November, 2005, a copy of the forgoing document has been served upon counsel for all parties to this proceeding via EMC/CF e-filing: :

Keith Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
Post Office Box 5059
Montgomery, Alabama 36103-5059
andynelms@jaylewislaw.com

        /s/ Neal D. Moore, III
        OF COUNSEL

121179