IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMANDA TURNER NOBLES | ) | |
| | ) | CIVIL ACTION NO.: |
| | ) | 2:05-cv-00886-WHA-DRB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| M.R.S. ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**M.R.S. ASSOCIATES' MOTION TO ORDER
PLAINTIFF TO DISCLOSE PRO TANTO SETTLEMENT AGREEMENTS**

M.R.S. Associates, Inc. ("M.R.S.") respectfully submits this Motion to Order Plaintiff Amanda Turner Nobles ("Nobles") to disclose the Pro Tanto Settlement Agreements between her and Defendants Zenta and Protocol Recovery Services, Inc. ("Protocol"). M.R.S. offers the following in support of its Motion:

1. Nobles filed her original Complaint on September 16, 2003 against Zenta and Protocol. Specifically, Nobles sued both Zenta and Protocol for a violation of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq*. and negligence, and Zenta individually for invasion of privacy. In said Complaint, Nobles sought damages for compensatory damages and punitive damages, against both parties, as she was shamed, humiliated, embarrassed and emotionally distressed. (See Complaint, attached hereto as Exhibit A).

2.      On December 12, 2005 Nobles and Zenta filed a "Joint Stipulation of Dismissal" as they had reached a pro tanto settlement.

3.      Nobles filed an Amended Complaint on February 15, 2006, against Protocol and M.R.S. The Amended Complaint alleged an FDCPA and negligence claim against Protocol and M.R.S. and an invasion of privacy claim against M.R.S. individually. Again, Nobles sought damages for compensatory damages and punitive damages, against both parties, as she was shamed, humiliated, embarrassed and emotionally distressed. (See Amended Complaint, attached hereto as Exhibit B).

4.      On February 17, 2006 Nobles and Protocol filed a "Pro Tanto Joint Stipulation of Voluntary Dismissal with Prejudice." Shortly thereafter, this Court dismissed Protocol leaving only M.R.S. as a party defendant.

5.      Despite M.R.S.' multiple requests, Nobles has refused to disclose the above-mentioned settlement agreements or any of the details of the settlements with Zenta or Protocol due to confidentiality agreements.

6.      It is well settled in Alabama that a plaintiff can choose to release one or more joint tortfeasors and still maintain an action against the remaining tortfeasors. *See Kenneth Morris d/b/a Morris Pest Control v. Lasater, et al.*, 821 So. 2d 923 (Ala. 2001); *Williams v. Colquett*, 272 Ala. 577, 133 So. 2d 364 (Ala. 1961); *Steenhuis v. Holland*, 217 Ala. 105, 115 So. 2 (Ala. 1927). The remaining

defendants, however, then have the choice of pleading the release as a bar to recovery or place the release in evidence to show payment for the injury. *See Anderson v. Kemp*, 279 Ala. 321, 184 So. 2d 832 (Ala. 1966).

7.  In *Campbell v. Williams*, 638 So. 2d 804 (Ala. 1994), judgment was entered against a doctor in a medical malpractice case. The doctor appealed, stating, among other things, that the court erred by failing to advise the jury of a pro tanto settlement between a co-defendant and the plaintiff. The court held that the doctor had a right to plead the release as a bar to that amount paid by the released defendants or he could place it into evidence, showing payment of the injury up to the amount shown in the release. *Id. citing Bucyrus-Erie Co. v. Von Haden*, 416 So. 2d 699, 702 (Ala. 1982).

8.  M.R.S. is entitled to have the amount of the pro tanto settlements with Zenta and Protocol disclosed so that M.R.S. can receive set-off for any amount Nobles has received in the event she is awarded damages in the matter at bar. "Any amount recovered by the plaintiff in a pro tanto settlement thus reduces the amount owed by the remaining defendant, because there can be only one satisfaction of a claim." *Kenneth Morris d/b/a Morris Pest Control v. Lasater, et al.*, 821 So. 2d 923 (Ala. 2001), *citing Williams v. Colquett*, 272 Ala. 577, 133 So. 2d 364 (Ala. 1961). *See also, Campbell v. Williams*, 638 So.2d 804, 819 (Ala. 1994)("Thus, a

3

defendant has a right to have the jury informed of the fact of a pro tanto settlement between the plaintiff and another defendant").

9. Moreover, the failure of the settling parties, in this case Zenta, Protocol and Nobles, to disclose a settlement agreement to the non-settling defendant, M.R.S., could violate the rules governing discovery. *Id.* at 819; Ala. R. Civ. P. 26(e)(2) (Ala. Code 1975). *See also, Bucyrus-Erie Co. v. Von Haden*, 416 So.2d 699 (Ala. 1982).

10. Therefore, under Alabama law, Nobles *must* disclose to M.R.S. the pro tanto settlement agreements with Zenta and Protocol.

11. No party will be prejudiced by this Order.

WHEREFORE, M.R.S. respectfully requests this Court enter an Order requiring Nobles to disclose to M.R.S. the Pro Tanto Settlement Agreements between Nobles and Zenta and Nobles and Protocol.

/s/Laura C. Nettles
Laura C. Nettles (ASB-5805-S63L)
Attorney for Defendant,
M.R.S. Associates, Inc.

**Of Counsel:**
LLOYD GRAY & WHITEHEAD, P.C.
2501 Twentieth Place South
Suite 300
Birmingham, Alabama 35223
(205) 967-8822 (Telephone)
(205) 967-2380 (Facsimile)

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document to all attorneys of record by electronically filing the foregoing document with the United States District Court, Middle District of Alabama, on this the 20th day of September, 2006:

K. Anderson Nelms, Esq.
Post Office Box 5059
Montgomery, Alabama 36103

                                                    /s/Laura C. Nettles
                                                    OF COUNSEL