# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| Amanda Turner Nobles,<br>    Plaintiff,<br><br>v.<br><br>Protocol Recovery Services, Inc. and<br>MRS Associates, Inc.,<br>    Defendants. | Civil Action No. 2:05-cv-886<br><br>**AMENDED COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>(Fair Debt Collection Practices Act,<br>Associated State Claims.) |

## AMENDED COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and state of Alabama common law claims for negligence, breach of contract and invasion of privacy (hereinafter "state claims").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C.§ 1681, and 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Amanda Turner Nobles is a natural person residing in Elmore County, Alabama.

4. Defendant Protocol Recovery Services, Inc. ("Protocol") is a Florida corporation engaged in the business of collecting debts in this state. This Defendant is unlicensed and unregistered with the State of Alabama. The principal purpose of Defendant is the collection of debts using the mails and


EXHIBIT B

telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. Defendant MRS Associates Inc. ("MRS") is believed to be a New Jersey corporation engaged in the business of collecting debts in this state. This Defendant is unlicensed and unregistered with the State of Alabama. The principal purpose of Defendant is the collection of debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

**PROTOCOL**

6. On or about November 1, 2004, Defendant Protocol contacted Plaintiff by telephone at Plaintiff's place of employment and threatened Plaintiff regarding a debt claimed to be owed. Protocol's employee Teresa Thomlinson contacted Plaintiff again at her place of employment on November 4, 2004. Prior to this date Plaintiff advised Defendant Protocol and previous debt collectors that she did not wish to be contacted at her place of employment. At all times relevant, Protocol knew or should have known that the alleged debt was not owed by Plaintiff.

**MRS**

7. On or about January 1, 2004, Defendant MRS contacted Plaintiff by letter demanding payment of $2055.47. The named creditor was Worldwide Asset Purchasing. Plaintiff contacted Mr. Craig Phillips of MRS by telephone. Mr. Phillips explained to Plaintiff that the debt was presently owned by Worldwide Asset Purchasing. Mr. Phillips explained that the original creditor was Direct Marketing. Mr. Philips informed Plaintiff that the account could be settled for $1400 with payments to be made over several months. Plaintiff informed Mr. Philips that she was a single mother and that she did not believe that she would be financially able to make such an arrangement. Shortly

thereafter Mr. Philips or agents of MRS repeatedly contacted Plaintiff at her place of employment. Plaintiff repeatedly advised agents of MRS that she did not wish to be contacted at her place of employment. During these telephone calls, agents of MRS, specifically Mr. Philips, became increasingly rude to Plaintiff and her co-workers. Plaintiff was able to borrow $800.00 from her mother to pay the debt. Plaintiff contacted Mr. Philips explaining that she had $800.00 to settle the debt in full. Mr. Philips informed Plaintiff that he would have to confer with a Mr. Adams. Mr. Philips told Plaintiff that if she did not pay before the end of the month he would be forced to garnish her wages. Plaintiff became very concerned about her employment due to the threatened garnishment and the numerous harassing telephone calls. On or about February 27, 2004, Plaintiff paid MRS the $800.00 she borrowed from her mother. Plaintiff contacted Mr. Adams who accepted the payment. Plaintiff understood that she was settling the account in full. However, on or about March 11, 2004, Mr. Philips contacted Plaintiff's workplace. He spoke with Plaintiff's co-worker, Alaina Petersen. Mr. Philips proceed to tell Ms. Petersen that Plaintiff owed MRS money; he stated that he intended to garnish Plaintiff's wages and wanted to begin garnishing her wages immediately. Mr. Philips asked to speak to someone in the personnel department so that he could initiate garnishment proceedings. After being informed that there was no personnel department, Mr. Philips became very rude. He began telling Ms. Petersen personal information about Plaintiff and informed Ms. Petersen of the details of Plaintiff's debt. Mr. Philips pronounced to Ms. Petersen that he would start garnishing Plaintiff's wages immediately. After that telephone conversation ended, Mr. Philips called back this time speaking to Michael Petersen another of Plaintiff's co-workers. Mr. Philips told Mr. Petersen who he was and why he was calling. He then became very rude. Mr. Petersen hung up the telephone. Within moments, Mr. Philips called again. This time Mr. Philips spoke with Melissa Heisler yet another of Plaintiff's co-workers. Mr. Philips told Ms. Heisler who he was and

disclosed that he was attempting to collect a debt owed by Plaintiff. Mr. Philips explained that he was sending over the garnishment papers and asked again for the personnel department. Several days later, Mr. Adams called Plaintiff's workplace again. Plaintiff explained to Mr. Adams that she could not receive telephone calls at work. She begged Mr. Adams to not call her at work. Mr. Adams agreed to note the file appropriately so that Plaintiff would no longer be contacted at work. Yet, some two weeks later, Ms. Joanna Brown from MRS telephoned Plaintiff at her workplace. Ms. Brown left a detailed message as Plaintiff was unavailable. This detailed message included personal information relevant to Plaintiff regarding the alleged debt. Ms. Brown called back to Plaintiff's workplace several days later. Plaintiff spoke to Ms. Brown. Ms. Brown became immediately rude and belittled Plaintiff. Plaintiff explained to Ms. Brown that she had informed agents of MRS on numerous occasions that she was not to be contacted at work. Ms. Brown stated that she did not know anything about that and proceeded to ask several questions.

8. Apparently, sometime thereafter, MRS forwarded the account to another collection agency or returned the account to World Wide Assets. Regardless, the entire account was forwarded. Plaintiff was never given any credit for the amount paid and no consideration was made for the promise to settle the account in full for making the lump sum payment of $800.00.

9. Plaintiff was sued for the full amount of the debt. No witness for World Wide Assets appeared for trial. The case was dismissed.

10. Plaintiff has made requests to Defendant MRS for validation of the alleged debt. Defendant MRS has either neglected or refused to respond.

## GENERALLY

11. Due to Defendants' harassing tactics Plaintiff was forced to retain the services of an attorney to represent her in the matter.

12. The facts considered, Plaintiff assumes that Defendants will continue to pursue the alleged debt. Further, Plaintiff assumes Defendants will continue to violate the Fair Debt Collection Practices Act.

13. As a result of the acts alleged above, Plaintiff suffered headaches, embarrassment, and was forced to hire the services of an attorney.

**COUNT I - VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

14. Plaintiff repeats and realleges and incorporates by reference paragraphs one through eleven above.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

A). Attempting to collect a debt not legally owed;

B). Taking illegal actions against the consumer;

C). Continuing to contact Plaintiff's employer regarding the debt;

D). Contacting third parties without permission in an attempt to collect a debt;

E). Failure to provide debtor instructions on validation process;

F). Failure to provide validation of the debt;

G.) and, reporting the debt on Plaintiff's credit report.

16. As a result of the foregoing violation of the FDCPA, defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A.  Declaratory judgment that Defendants' conduct violated the FDCPA

B.  Actual damages;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

E.  For such other and further relief as the Court may deem just and proper.

## COUNT II - NEGLIGENCE

17. Plaintiff repeats and realleges and incorporates by reference paragraphs above.

18. Defendants' acts as described above were done negligently and without care or concern for the truth or accuracy of the matter asserted and with disregard to Plaintiff's privacy.

Defendants' acts were for the purpose of illegally coercing Plaintiff to pay the alleged debt.

19. As a proximate consequence of Defendants' conduct, Plaintiff has been embarrassed and humiliated and emotionally distressed.

20. As a proximate consequence of Defendants' conduct, Plaintiff has been forced to hire an attorney, and incurred expenses for loss of work.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A.  Punitive damages;

B.  Compensatory damages; and,

C.  For such other and further relief as the Court may deem just and proper.

### COUNT III - INVASION OF PRIVACY

### (MRS)

21. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-one above.

22. Defendant's acts as described above were done negligently and without care or concern for privacy with the purpose of unlawfully coercing Plaintiff to pay the alleged debt.

23. Defendant wrongfully exploited the Plaintiff's privacy in that on at least two occasions Defendant communicated with third parties regarding the Plaintiff's debt. Such communication conveyed private information about Plaintiff. These communications were performed by Defendant without legitimate cause or purpose, and thereby invaded the Plaintiff's privacy.

24. As the proximate consequence of the said invasion of privacy Plaintiff was caused to suffer injuries and damages, in that the Plaintiff was shamed, humiliated, and embarrassed.

25. Plaintiff claims punitive damages of the Defendant because of the gross and oppressive nature of the Defendant's conduct.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.   Compensatory damages;

B.   Punitive damages; and,

C.   For such other and further relief as the Court may deem just and proper.

RESPECTFULLY submitted this the __24th__ day of January, 2006.

s/K. ANDERSON NELMS

K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by Jury in this action.

**Defendant MRS may be served at the following addresses:**

M.R.S. Associates, Inc.

3 Executive Campus

Suite 400

Cherry Hill, New Jersey 08002

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing on the following parties and/or counsel by placing a copy of the same in the United States mail, postage prepaid and properly addressed, or by electronic delivery on this_24th_ day of January, 2006.

Neal DeWitt Moore , III, Esq.

Anna Williams, Esq.

s/K. ANDERSON NELMS

K. ANDERSON NELMS

P.O. Box 5059

Montgomery, AL 36103

Phone: (334) 263-7733

Fax: (334) 832-4390

andynelms@jaylewislaw.com

ASB-6972-E63K