IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMANDA TURNER NOBLES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Case No. 2:05cv886-WHA |
| | * | |
| MRS ASSOCIATES, INC., | * | |
| | * | |
| Defendant. | * | |

## ORDER ON PRE-TRIAL HEARING

A pretrial hearing was held in this case on September 21, 2006 wherein, or as a result of which, the following proceedings were held and action taken:

1. Parties and Trial Counsel:

    a. Plaintiff will be represented at trial by Andy Nelms, Law Offices of Jay Lewis, LLC, of Montgomery, Alabama.

    b. Defendant will be represented at trial by Laura C. Nettles of Lloyd, Gray & Whitehead, P.C. of Birmingham, Alabama.

    Counsel Appearing at Pre-trial Hearing: same as trial counsel.

2. Jurisdiction and Venue: Jurisdiction and venue are admitted. Plaintiff filed his Complaint for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. and state of Alabama common law claims for negligence and invasion of privacy. Venue is proper in the United States District Court for the Middle District of Alabama, in that the events giving rise to these claims took place in the Northern Division of the Middle District of Alabama.

3. Pleadings: The following pleadings have been allowed: For Plaintiff, Complaint, Default

       Judgment (Liability only); For Defendant, None.

4. Contentions of the Parties:

    a. Plaintiff's claims:

        1. Plaintiff owed a debt. Plaintiff was contacted by Defendant at her place of employment by Defendant regarding the debt. Plaintiff explained that she could not be contacted at her place of employment. Plaintiff requested that Defendant not contact her at her place of employment. Defendant contacted Plaintiff at her place of employment numerous times after having been told not to do so.

        2. Plaintiff was contacted at her place of employment and was threatened with a garnishment. Garnishment was a legal process not available to Defendant at the time the threat was made.

        3. Defendant contacted persons other than Plaintiff on numerous occasions regarding Plaintiff's debt. Defendant revealed or published personal information to said third parties regarding Plaintiff.

        4. Plaintiff made an arrangement with Defendant to settle the debt in full. Plaintiff made payment to Defendant pursuant to the terms of the agreement of settlement. Defendant received said funds. After receiving said funds, Defendant either sold or transferred Plaintiff's account to a third party. Said third party was never notified that the debt had been settled in full. Said third party proceeded with collection of the alleged debt without benefit of knowledge that the debt was settled or paid. Plaintiff was never given credit for amounts paid in her attempt to settle the debt. Further, Plaintiff seeks

>  compensatory and punitive damages for the wrongs alleged herein. received by Plaintiff.

b. Defendant's claims:

1. To the extent Plaintiff's claims allow recovery against this Defendant, Plaintiff may only recover statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

2. Defendant denies it received notice from Plaintiff she disputed the debt for which Defendant was collecting.

3. Defendant contends other debt collectors were communicating with Plaintiff during the same time period. Specifically, these debt collectors were contacting plaintiff at the same phone number and address which had been provided to this Defendant.

4. Defendant is entitled to an offset of any recovery Plaintiff has already received pursuant to settlement with other debt collectors.

5. <u>Stipulations of fact by and between the parties</u>:

    a. All issue of fact as presented in the Amended Complaint relevant to this Defendant are assumed true.

    b. Plaintiff was damaged thereby.

6. The Plaintiff(s) shall file a trial brief with the court **on or before 10/23/06.** The Defendant(s) shall file a trial brief with the court **on or before 10/30/06.**

7. A trial docket will be mailed to counsel approximately one month prior to a trial term. **If a jury trial:** the parties shall file any requested voir dire questions, motions in limine, fully briefed, and any proposed jury instructions, together with citations of law thereon, on or

    before two weeks prior to the date shown on the docket for jury selection, unless said time is shortened by the court on motion of either party.

8. Each party shall have available at the time of trial, for use by the court, two copies of the list of the party's exhibits and two extra copies of each photostatically reproducible exhibit.

9. It is ORDERED by this Court that all of the above-named allowances and agreements be, and the same are hereby, binding upon all parties in the above-styled cause unless this Order be hereafter modified by Order of the Court.

DONE this 21st day of September, 2006.

                          /s/ W. Harold Albritton
                          W. HAROLD ALBRITTON
                          SENIOR UNITED STATES DISTRICT JUDGE